BRAUNSDORF et al. v. BRAUNSDORF et al.

(Supreme Court, Special Term, Rockland County. April 13, 1893.)

1. WILL—CONSTRUCTION—NATURE OF ESTATE.
Testator devised all his property to his executors in trust, to pay the net income to his wife during her life and widowhood. He directed that on the death of his wife the whole estate should go to his children who should then be surviving, and the descendants who should then be surviving, of any deceased child, share and share alike; such descendants to take the share the parent would take if living, except that his daughter W. should receive only the income from such share during her life, and her descendants the remainder. In case any of testator's children should be under 25 years old at that time, he directed payment to them of the income, only, until they arrived at that age; but in case of death of any such child under such age, leaving issue, he directed the share of such deceased child should be at once transferred to such issue. The executors were empowered to sell any and all of his estate, in their discretion, to execute conveyances, and to invest the proceeds. Held, that the title to testator's lands vested in his children at his death, subject to the trust declared in his will, and to the executors' power of sale.

2. SAME—AUTHORITY OF EXECUTORS TO PARTITION LANDS.
Such power of sale, being a mere naked power, did not authorize the executors to divide such land between the children in friendly partition, and deeds executed for such purpose are void.

3. SAME—ACTION FOR PARTITION BY DEVISEES.
In an action by part of testator's children, over 25 years of age, against the surviving executor and the other children, and the minor children of W., to set aside such deeds executed by the surviving executor, and for partition of such lands, plaintiffs are entitled to a decree.

4. SAME—DECREE.
Where, in such case, one of plaintiffs is under 25 years of age, his share must be held by such surviving executor in trust until the former arrives at such age.

5. SAME.
In such case the share of the minor children of W. must be held in trust during the life of W., to whom the income is payable.

Action by William Braunsdorf and others against John H. Braunsdorf and others (1) to set aside, as void, deeds executed by defendant John H. Braunsdorf, as sole surviving executor of the will of Julius E. Braunsdorf, deceased, to himself and to his

brothers and sisters, heirs of testator, in friendly partition; and (2) to procure partition of the land attempted to be conveyed by such deeds.     Judgment for plaintiffs.

Testator left, him surviving, eight children, viz.: William, Henry R., Julius C., George W., John H., and Laura L. Braunsdorf, Wilhelmina Deckelmann, and Julia Acher.  The three first named are plaintiffs, and the others defendants.  Other plaintiffs are Ella Braunsdorf, wife of William, and Lizzie Braunsdorf, wife of Henry R.  Other defendants are William P., Frank J., and Lauretta Deckelmann, minor children of Wilhelmina Deckelmann.  Plaintiff George W. Braunsdorf is under 25 years old, and was 23 years old at the time the partition deeds were executed.

The will is as follows:

"In the name of God, amen. I, Julius E. Braunsdorf, of Pearl River, in the county of Rockland, and state of New York, being in good health, and of sound, disposing mind and memory, do make, publish, and declare the following to be my last will and testament, that is to say: First. I give, bequeath, and devise all my estate and property, both real and personal, of whatever kind and nature, and wherever situated, of which I may die seised or possessed, and to which I may be entitled, to my executors and executrix hereinafter named, and to the survivor or survivors of them, to have and to hold the same, in and upon the trusts, and subject to the directions, hereinafter expressed, to wit:  First. To pay all my just debts and funeral charge. Second. To have the custody, care, and management of my said estate and property, and to collect and receive the rents, income, and profits thereof, and pay all necessary expenses and charge for the proper care and preservation thereof, and, after the payment of such charges and expenses, to pay over, on the first day of December in each year, commencing on the first day of December succeeding my decease, from such net income of my said estate and property, to my mother, Henrietta Wilhelmina Braunsdorf, of Danzig, Germany, the sum of three hundred dollars, during her natural life, and to pay over all the remainder of said income to my beloved wife, Julia Braunsdorf, for her maintenance and use, so long as she shall live, and remain my widow, and in case of the decease of my said mother during the life of my said wife, and while she shall remain my widow, then in that case to pay the whole of said net income to my said wife, so long as she shall live, and remain my widow.  Third. In case my said wife shall marry again, then I direct my said trustees, from and after the date of such marriage, to pay over to her, my said wife, for her maintenance and use, one-third of the net income of all my said estate and property, and no more, for and during the remainder of her natural life, and to pay over the remaining two-thirds of the net income of my said estate and property to my children then surviving, and the issue and descendants then surviving of any child or children who shall have deceased, leaving issue him or her surviving, share and share alike; such issue and descendants to take the share the parent would take, if living.  Fourth. Upon the death of my said wife, I give, bequeath, and devise all my said estate, subject to the payment of said annuity of three hundred dollars each year to my mother during her natural life, as hereinbefore provided for, to my children who shall then be surviving, and the issue and descendants who shall then be surviving of any child or children who shall have deceased, leaving issue him or her surviving, share and share alike; such issue and descendants to take the share the parent would take, if living, except that my daughter Wilhelmina, wife of Mathew Deckelmann, is to receive only the income from such share, for her own separate use, during her natural life, and after her decease I give, bequeath, and devise such share to her children and descendants.  Should any of my said children be under the age of twenty-five years at that time, then, until they shall become twenty-five years of age, respectively, only the income from their respective share is to be paid to them, respectively, and their respective share to be paid over or transferred to them, respectively, as they shall each arrive at the age of twenty-five years; but in case any child or children shall die before reaching the age of twenty-five years, leaving issue him or her

surviving, then the share of such child shall be transferred to such issue at once. I hereby authorize and empower my said executor and executrix to sell any and all of my said estate and property as, in their discretion, they may deem advisable, and to make, execute, acknowledge, and deliver all deeds or other instruments necessary to convey the same; to invest the proceeds therefrom; and from time to time to call in the same, and reinvest the same. I declare that the provisions herein contained and made for my said wife are in lieu of dower, or her right of dower, in my estate. I appoint my brother, Henry J. Braunsdorf, and my son John H. Braunsdorf, executors, and my beloved wife, Julia Braunsdorf, executrix, of this, my last will and testament; and I also appoint them, and the survivors or survivor of them, guardians of my children during their respective minority. I hereby revoke all former or other wills by me made. In witness whereof I have hereunto set my hand and seal the twenty-seventh day of November, in the year eighteen hundred and seventy-seven.     Julius E. Braunsdorf. [L. S.]
   "In presence of
       "Chas. Sule.
       "W. B. Putney."

I. Newton Williams, for plaintiffs.

Snider & Hopper, for John H. Braunsdorf, surviving executor, and individually.

Irving Brown, special guardian for infant defendants Deckelmann children.

BARTLETT, J. In this case I have reached the following conclusions:

1. The title to the lands of Julius E. Braunsdorf, deceased, vested in the children of the testator at the time of his death, and subject to the trusts declared in his will, and subject to the power of sale conferred upon the executors.

2. That power of sale was a mere naked power, and did not authorize or permit the executors to divide the land between the children. The deeds executed for that purpose must therefore be deemed void. If the executors had made a sale to a bona fide purchaser for an adequate consideration, a different question would be presented, but the conveyances which are assailed in this suit appear to have been made solely for the purpose of effecting an actual partition. This the surviving executors had no power to do, under the will.

3. The plaintiffs are entitled to a partition of the lands in controversy. The share of the plaintiff George W. Braunsdorf, the child who is not yet 25, must be held by the surviving executor in trust until said plaintiff attains the age prescribed in the will. The share of the children of the defendant Wilhelmina Deckelmann must also be held in trust during the life of said defendant, who is entitled to receive the income thereof. As to the other defendants, their title to their respective shares appears to be absolute.

The foregoing statement of my views as to the proper construction of the will, under which all the parties receive such interest as they possess in the land in controversy, will enable their respective counsel to prepare an appropriate decree herein. In the findings proposed in behalf of plaintiffs and defendants, I find some matters which require explanation before I can pass upon them

intelligently.    For the purpose, therefore, of settling the form of the findings and decree, I wish all the counsel in the case to attend before me, at special term, in Brooklyn, at such time as they may be able to agree upon