# DECISIONS IN CASES NOT REPORTED.

## Second Department, February Term, 1894.

**William Bransdorf and Others v. John H. Bransdorf, Impleaded, etc.** — Judgment affirmed for failure to submit papers according to stipulation.

**Alethia Dayton v. Kings County Elevated Railroad Company.** —Affirmed by default.

**In the Matter of the Estate of Honora Callaghan, Deceased.**— Order reversed and decree directed to be entered for the payment to appellant of its share of the fund, with costs of this appeal to be paid out of the estate.—
CULLEN, J.: This appeal presents the same question decided by this court in 69 Hun, 161, on an appeal from the same decree taken by other creditors. On the authority of that decision the order appealed from must be reversed and a decree entered for the payment to appellant of its share of the fund, with costs of this appeal to be paid out of the estate. Dykman, J., concurred.

**Robert Plaut, Respondent, v. Robert L. Moores, and Others, Defendants.**— All three of the orders affirmed, with ten dollars costs and disbursements in one appeal.—
DYKMAN, J.: These are three appeals from orders which were made respectively on the 5th, 13th and 21st days of October, 1893. The first order directed the appellant to complete his purchase of certain premises under a sale in foreclosure. The second order directed the cancellation of a notice of lis pendens filed against the property. The third order denied an application to set aside the order of the 13th day of October, 1893. These appeals are entirely destitute of merit, and the orders should all be affirmed, with ten dollars costs and disbursements on one appeal only. Pratt, J., concurred.

**Newbold T. Lawrence and Others, Exrs., Appellants, v. The Town of Hempstead, Respondent.**—Reargument ordered. Opinion not to be printed by direction of judge.

**Newman L. Warsawer, Respondent, v. Horace L. Hotchkiss and Others, Appellants.**— Order affirmed, with ten dollars costs and disbursements.—
DYKMAN, J.: This is an appeal from so much of an order made at the Special Term as relates to the name of the agent of the defendants who gave to the assignee of the plaintiff the false and fraudulent information alleged in the third paragraph of the complaint. We think the proper disposition of the case was made at the Special Term and that the order should be affirmed, with ten dollars costs and disbursements. Cullen and Pratt, JJ., concurred.

**William Hoffman, Appellant, v. Lawrence Duncan, as Administrator, Respondent.**— Judgment affirmed, with costs.—
PRATT, J.: This is an appeal from a judgment entered upon a report of a referee. The case really involves only questions of fact. It is true there are a large number of exceptions to rulings made upon the trial, but I cannot see that any evidence was excluded or admitted against objection that could have changed the result. Here was an old lady, who had long lived upon the farm, living with her son who carried it on and was engaged in the milk business, and who, so far as appears, did all the business and received and paid out all the money. He and his mother, the deceased, were joint tenants and were probably jointly interested in carrying on the farm, but that the plaintiff looked to the son William for pay for his services and was paid by him seems quite clear from all the facts and circumstances of the case. Whenever either the son or mother paid any money, it must have been for the accrued wages, and the fact that the plaintiff declared that William, the son, did not owe him anything, furnishes a high degree of proof that nothing was due him at that time for wages. It is highly unreasonable that the intestate ever made a separate contract with the plaintiff for her private benefit, and all the evidence goes to show that plaintiff was almost altogether employed in active work upon the farm and in the milk business. Nothing would be more natural than for an old lady, situated as was the intestate, to ask the hired man to do some little chore or errand about the house, but that does not prove an employment by the intestate. The plaintiff was a mere boy when he went to live on this farm, and his board and clothing was almost a fair compensation for his services for some years thereafter. I think it highly probable that he received his pay from William as he continued to work; indeed, he said William had acted as a father towards him and had paid him in full. At all events, there is not such a preponderance of evidence in favor of the plaintiff as will warrant us in reversing the judgment. The referee saw the witnesses and heard them testify, and was in a situation to judge of their credibility better than an appellate court. Assuming that plaintiff was employed by them jointly, I think the fair inference from the proofs is that he was paid in full for all services rendered by him. After a careful reading of the whole case, we are constrained to believe the decision of the referee was right and must be affirmed, with costs. Cullen and Dykman, JJ., concurred.

**Henry Berean, Appellant, v. Daniel O'Connell, Respondent.**— Reargument ordered; no opinion.

**Daniel McCampbell, Respondent, v. Cunard Steamship Company, Limited, Appellant.**— Judgment and order denying new trial affirmed, with costs.—
CULLEN, J.: This is an appeal from a judgment for the plaintiff entered on the verdict of a jury. The action was servant against master to recover for personal injuries suffered, owing to the alleged negligence of the defendant. On the first trial of the action, I directed the complaint to be dismissed On appeal, that decision was reversed. (23 N. Y. Supp. 477.) As both my associates concurred in the opinion delivered on appeal, which covers the question now raised, and as the trial court followed the law laid down by the General Term, it follows that this judgment must be affirmed. Judgment and order denying new trial affirmed, with costs. Pratt and Dykman, JJ., concurred.

**Jane J. Davenport, Respondent, v. Brooklyn Elevated R. R. Co., Appellant.**— Judgment and order denying new trial affirmed, with costs.—
DYKMAN, J.: This is an appeal from a judgment entered upon the verdict of a jury